**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **ALAMO BIOLOGICS LLC** | § | **CASE NO. 26-51549-ALT** |
| | § | **(Chapter 11)** |
| **Debtor** | § | |

**DEBTOR'S EMERGENCY APPLICATION FOR AUTHORIZATION TO PAY PREPETITION CLAIMS OF CRITICAL VENDORS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Now Comes Alamo Biologics LLC ("Debtor") and moves this Court pursuant to Sections 105, 363, 1107, and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for the entry of an order authorizing the Debtor to pay all or a portion of the prepetition claims of certain Critical Vendors (as defined below), and in support the Debtor states as follows:

## RELIEF REQUESTED

1. Debtors request that the Court grant it authorization to pay the pre-petition claims of critical vendors as listed on Exhibit "A" attached hereto

## JURISDICTION

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This Court may hear and determine this Motion under the standing order of reference issued by the United States District Court for the Western District of Texas under 28 U.S.C. § 157. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On June 3 2026, Debtor filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Since that time, Debtor has operated its businesses as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. No creditors' committee has been appointed in this case by the United States Trustee. Further, no trustee or examiner has been requested or appointed. The Debtor is a privately owned Texas limited liability company. Debtor is a full service tissue bank offering high quality allografts and biologics. Debtor's services include: research and development, contract manufacturing, and storage

facilities. Debtor distributes to medical facilities and distributors on world-wide basis. In order to provide these services, it is necessary for the Debtor to utilize tissue recovery vendors and other highly specialized regulated vendors of biologic material. Debtor also often requires the services of specialized sales professionals many of whom are considered 1099 independent contractors.

4. The Debtor believes that the relief sought herein is not only critical to the Debtor's reorganization efforts, but immediately necessary in light of the nature of the Debtor's operations. If the requested relief is not granted and certain critical vendors refuse to continue to supply goods or services to the Debtor post-petition, the Debtor may be unable to continue its operations and keep its customers satisfied, which will certainly endanger the Debtor's successful reorganization and substantially harm all creditors. The Debtor has determined that replacing these critical vendors would be disruptive, cost-prohibitive, and in certain instances, impossible.

## BASIS FOR RELIEF REQUESTED

5. Section 105(a) of the Bankruptcy Code provides: The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. This section provides bankruptcy courts with broad authority and discretion to enforce the provisions of the Bankruptcy Code either under specific statutory fiat or equitable common law principles.

6. "The ability of a Bankruptcy Court to authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re Ionosphere Clubs, Inc*., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). This equitable common law principle "was first articulated by the United States Supreme Court in *Miltenberger v. Logansport, C. & S. R. Co*., 106 U.S. 286 (1882) and is commonly referred to as either the 'doctrine of necessity' or the 'necessity of payment' rule." Id. At 175-76. Under the doctrine of necessity, a bankruptcy court may exercise its equitable power to authorize a debtor to pay certain critical prepetition claims, even though such payment is not explicitly authorized under the Bankruptcy Code. In *In re Structurelite Plastics Corp*. 86 B.R. 922, 931 (Bankr. S.D. Ohio 1988), the bankruptcy court stated that "a bankruptcy court may exercise its equity powers under § 105(a) to authorize payment of pre-petition claims where such payment is necessary 'to permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately." *ID.*

7. If the attached critical vendor claims are not satisfied, the Debtors will most likely suffer irreparable damage to its client relationships. Of critical importance is Debtor's ability to provide its products to customers which requires the purchase of tissue and other biologic materials from the critical vendors listed on Exhibit A. Additionally, payment of the pre-petition claims of the independent contractors is necessary in order for the Debtor to provide its services to its customers. Without doing so, Debtor's business operations will come to a halt.

8. Based upon the foregoing, the Debtors submit that the relief requested herein is essential, appropriate, and in the best interests of the Debtors' estates and all parties in interest. Allowing the Debtor to pay the Critical Vendor Claims, pursuant to all or some of the above-referenced provisions, is especially appropriate where, as here, doing so is consistent with the "two recognized policies" of chapter 11 of the Bankruptcy Code—preserving going concern value and maximizing the value of property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Says. Assoc. v. 203 N LaSalle St. P'Ship,* 526 U.S. 434, 453 (1999). The Debtor respectfully submits that similar relief is warranted in this Chapter 11 case because without the goods and services provided by the Critical Vendors, the Debtor could not continue in an uninterrupted manner to operate its business or progress towards a successful reorganization.

**BANKRUPTCY RULE 6003 SATISFIED AND REQUEST FOR WAIVER OF STAY**

9. The Debtor further submit that because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor, Fed. R. Bankr. P. 6003 has been satisfied and the relief requested should be granted. Federal Rule of Bankruptcy Procedure 6003 provides:
Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 20 days after the filing of the petition, grant relief regarding the following: . . (b) a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition, but not a motion under Rule 4001.

10. The Debtor further seeks a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Fed. R. Bankr. P. 6004(h), "[an] order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As set forth above, the relief requested here is essential to prevent irreparable damage to the Debtor's operations, going-concern value, and its efforts to pursue a sale or restructuring of its assets and liabilities. Accordingly, the relief requested is appropriate under the circumstances and under Fed. R. Bankr. P. 6003 and 6004(h).

WHEREFORE, the Debtors respectfully request that this Court enter an order authorizing payment of the critical vendors as attached on Exhibit "A", and granting such other and further relief, legal or equitable, special or general to which they may show themselves justly entitled.

Respectfully submitted,

Villa & White LLP

By: __*/s/ Morris E. "Trey" White III*___________

Morris E. "Trey" White III
State Bar No. 24003162
100 NE Loop 410 #615
San Antonio, Texas 78216
(210) 225-4500 Telephone
(210) 212-4649 Fax
ATTORNEY FOR DEBTOR

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2026, a true and correct copy of the above and foregoing document was served on the parties listed on the attached creditor's matrix pursuant to Bankruptcy Rule 9013.

__/s/ *Morris E. "Trey" White III*___________
Morris E. "Trey" White III